UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID W. HOWARD,

       Plaintiff,                              Civil Action No. 11-CV-13686

vs.                                      HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Mona K. Majzoub has submitted a report and recommendation ("R&R") in which she recommends that plaintiff's motion be denied and that defendant's motion be granted. Plaintiff has filed timely objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the court reviews *de novo* those portions of the R&R to which proper objection has been made.

The sole issue raised in the objections is that the ALJ failed adequately to develop the record regarding plaintiff's obesity. Plaintiff correctly notes that the ALJ must "exercise a heightened level of care" to ensure that the record is fairly and fully developed when, as here, the claimant is proceeding *pro se*. *Lashley v. Sec'y of Health and Humans Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983), *quoting Smith v. Harris*, 644 F.2d 985, 989 (3rd Cir.1981). However, as the magistrate judge correctly found, "Plaintiff [does not] adequately explain what evidence should have been developed with regard to his obesity. The record documents Plaintiff's obesity but does not indicate that his obesity was a disabling factor." R&R at 14. The court agrees with this assessment of the record. The appeals council found that plaintiff's obesity constitutes a "severe impairment,"

but that it would not prevent plaintiff from performing the limited range of unskilled, sedentary work identified by the vocational expert.  The record was adequately developed and contains substantial evidence to support this conclusion.  In particular, the court notes that the record contains a great deal of medical evidence regarding plaintiff's gait, his knee pain (which obviously could be significantly affected by his obesity), the range of motion in and stability of his knee, the physical therapy plaintiff received following knee surgery, and the extent to which plaintiff could engage in various work-related physical activities (e.g., standing, walking, balancing, climbing stairs).  Plaintiff does not suggest what more the ALJ could or should have done to develop the record further regarding the medical and vocational significance of plaintiff's obesity.  Certainly, the ALJ did not violate his duty under *Lashley*.

        The court finds the magistrate judge's analysis and conclusions in this case to be thorough and correct.  For the reasons indicated above, the court finds plaintiff's sole objection to the R&R to be unpersuasive.  Accordingly,


        IT IS ORDERED that Magistrate Judge Majzoub's R&R is hereby accepted and adopted as the findings and conclusions of the court,

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.


IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.


                                    S/Bernard A. Friedman_____
Dated: August 17, 2012              BERNARD A. FRIEDMAN
       Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE